UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

RANDY WILLIAMS,

                            Petitioner,

    v.                                           9:22-CV-0672
                                                      (MAD)
CHRIS M. YEHL, Superintendent,

                            Respondent.

———————————————————————

APPEARANCES:                                    OF COUNSEL:

RANDY WILLIAMS
18-B-1836
Petitioner, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    Petitioner Randy Williams seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner also applied to proceed with this action in forma pauperis ("IFP"). Dkt. No. 2.

    For the reasons which follow, petitioner shall have thirty (30) days to either (1) confirm that he wishes to proceed with the two claims in the instant petition or (2) voluntarily withdraw the action, finish exhausting his state court remedies, and bring all of his potential constitutional claims together once they are properly exhausted.

## II.     THE PETITION

Petitioner challenges a 2018 conviction from Onondaga County, pursuant to a jury verdict, to two counts each of first degree burglary, first degree robbery, and first degree criminal use of a firearm.  Pet. at 1-2; *see also People v. Williams*, 203 A.D.3d 1571 (4th Dep't 2022).[1]  The New York State Supreme Court, Appellate Division, Fourth Department, unanimously affirmed petitioner's conviction and, on June 9, 2022, the New York Court of Appeals denied petitioner's application seeking leave to appeal.  Pet. at 2-3, 20; *see also Williams*, 203 A.D.3d at 1571.  Petitioner did not file a petition for certiorari in the United States Supreme Court.  Pet. at 3.

Petitioner also indicates that he has two state court collateral challenges pending.  Pet. at 3-4.  The first is a motion seeking to vacate his judgment, pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"), arguing relief because (1) the Court lacked jurisdiction of the action or the person and (2) the judgment was procured by fraud on the part of the prosecutor and Court.  Pet. at 3.[2]  The second is a writ of error coram nobis, filed on June 13, 2022, arguing that petitioner's appellate counsel was constitutionally ineffective. Pet. at 4.

Petitioner contends that he is entitled to habeas relief because (1) the trial court erred denying petitioner's request to represent himself, Pet. at 5-9; and (2) the prosecution presented evidence of an uncharged theory and violated petitioner's right to fair notice to prepare his criminal defense, *id.* at 9-11.  Both of these claims were asserted in petitioner's

---

[1] Citations to the petition and exhibits refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] It is unclear whether this second claim is related to the claims petitioner asserted in the present habeas corpus action.

direct appeal of his criminal conviction. *Williams*, 203 A.D.3d at 1571. For a more complete statement of petitioner's claims, reference is made to the petition.

**III.    DISCUSSION**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner indicates that he has three additional claims which are presently being exhausted in state court. Pet. at 3-5. It is unclear whether petitioner's 440 claim, about fraud perpetrated on the court by the prosecutor, is related to the presently pending claim arguing a violation of the right to fair notice to prepare a defense. *Compare* Pet. at 3, *with id.* at 10-11. If they are related, then there is the possibility that petitioner's claims have not been fully exhausted by his own admissions. Pet. at 5. If not, petitioner still has additional claims,

outside of the present petition, which concern constitutional rights which are still going through the state appellate review process.  *O'Sullivan*, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile).  28 U.S.C. § 2254(b) (1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Petitioner has state court remedies available to him and, by his own admission, is in the middle of pursuing them. Therefore, it is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Accordingly, if petitioner wishes to move forward with all of the potential claims he has alleging constitutional violations, he may not do so until he has properly exhausted them.  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); *O'Sullivan*, 526 U.S. at 845.[3]

Petitioner could also choose to move forward with his petition as is, asserting only the two present claims.  However, because petitioner seeks relief pursuant to section 2254, any potential future claims – like those in his 440 motion and writ of error coram nobis – are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b). Petitioners are generally permitted to only file one section 2254 petition challenging a particular state court judgment.  Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court

---

[3] Petitioner may not amend his petition to add these claims until they are exhausted. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit.  28 U.S.C. § 2244(b).  Because of these restrictions, if petitioner chooses to move forward with his petition as it is presently written, he may forever lose the ability to bring any of the other claims he is presently attempting to exhaust in federal court.

In sum, there are some questions surrounding the petition and it is unclear to the Court how petitioner would prefer to proceed.  Accordingly, petitioner shall have thirty (30) days to either (1) confirm that he wishes to proceed with the two claims in the instant petition or (2) voluntarily withdraw the action, finish exhausting his state court remedies, and bring all of his potential habeas claims together once they are properly exhausted.[4]

**WHEREFORE**, it is

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must either (1) confirm that he wishes to proceed with the two claims in the instant

---

[4]  Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations.  The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A).  When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal.  *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009).

The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on June 9, 2022.  Pet. at 2-3, 20; *see also Williams*, 203 A.D.3d at 1571.  He did not seek a writ of certiorari; therefore, his conviction will become final on September 7, 2022.  Therefore, petitioner's statutory limitations period has not even started yet.

Furthermore, properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires.  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken.  *Saunders*, 587 F.3d at 548.

Therefore, assuming that petitioner has properly filed his 440 motion and writ of error coram nobis, statutory tolling is presently occurring, and will remain delaying the start of the statutory limitations period until the state court proceedings have concluded.  Once they have concluded, petitioner will have one year to timely file his federal habeas petition.

petition or (2) voluntarily withdraw the action, finish exhausting his state court remedies, and bring all of his potential habeas claims together once they are properly exhausted; and it is

  **ORDERED** that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is

  **ORDERED** that the Clerk serve a copy of this Decision and Order upon the petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 5, 2022
   Albany, New York

Mae A. D'Agostino
U.S. District Judge